Maxime J. Desvergers *et al.*, plaintiffs in error, *vs.* Francis M. Willis, administrator, defendant in error.

When a breach of warranty against incumbrances, is set up defensively to an action for the purchase money of land, all the breaches should be assigned that have occurred. After litigating a supposed breach, and failing to establish it, the debtor will not be allowed to enjoin the judgment and renew the litigation to take advantage of another breach which he might, by the use of due diligence, have discovered and pleaded at the proper time.

Equity. Judgments. Before Judge Tompkins. Chatham County. At Chambers. December 13th, 1876.

Desvergers and Barnwell filed their bill against Willis, administrator, making substantially the case presented in the opinion. The only allegation showing why the facts upon which the application for injunction was based, were not pleaded to the action at law on the note for the purchase money, was as follows: "Orators show that they used

all diligence, at and before the last trial of said case, to discover the true state of facts in reference to the said incumbrances, but discovered nothing as to the existence of the rights of parties to private ways, until, as aforesaid, they have recently, and since the levy, discovered this defense." The mode of this discovery referred to, was a notice from the board of commissioners for Chatham county, requiring said Desvergers to appear before them to show cause why a certain private way which he had closed, should not be opened.

Desvergers made affidavit that complainants did not know, until after the judgment, that any other persons had any easement on said land, or the right to use any other way except the middle-ground road, although they used every possible diligence to find out all the facts as to roads and easements on said land; that this knowledge was obtained, in a great measure, from William Gaius, who, though a former resident of the county, had moved away, and only returned a short time before the above recited order, to show cause before the county commissioners, was passed.

The answer of the defendant, and the affidavits produced, showed that if complainants were not aware of the facts now relied upon, at the time of the trial at law, they could readily have discovered them by the use of diligence.

The injunction was refused, and complainants excepted.

RUFUS E. LESTER, for plaintiffs in error.

G. A. HOWELL; BRANTLEY A. DENMARK, for defendant.

BLECKLEY, Judge.

If, at the time land is purchased with warranty against incumbrances, there be two roads upon the premises, both known to the purchaser, he believing that one of them is a public road, and the other a mere temporary track which he can discontinue or obstruct at pleasure; and if, several years thereafter, a breach of the warranty be urged as a

defense to an action brought for the purchase money, and it then appear that the supposed temporary track was the true public road, and, therefore, not subject to be closed or obstructed; and if judgment be, nevertheless, rendered against the purchaser for the whole unpaid balance of the purchase money; and if, after levy upon property to satisfy the judgment, the purchaser file a bill to enjoin the execution and to open the judgment, on the ground that there was a breach of the warranty, consisting in the fact that the road believed to be a public road at the time the purchase was made, is no more subject to be appropriated by the purchaser than the true public road, the same being a private way, and, as such, subject to a perpetual easement in favor of certain persons, of whose rights the purchaser was ignorant until since the levy upon his property; the bill averring, also, damage from this breach, and want of means in the warrantor to respond; the injunction should not be granted unless it appear that the purchaser had a good excuse for not ascertaining the existence of the newly discovered right of private way, while the whole subject matter was under investigation in the original suit, and before judgment was rendered. In view of the facts in the record, the excuse relied upon is not sufficient; and there was no error in refusing the injunction. The case is controlled by the want of diligence. We need not rule on the merits of the bill in other respects. Though the covenant against incumbrances came into the common law action by way of defense, the principle of the Code, §2939, applies. That principle is, that all breaches occurring up to the commencement of action must be included.

Judgment affirmed.