## FLOYD, executrix, vs. COX.

1. A motion was made for a new trial, and a brief of the oral testimony was approved by the presiding judge on September 29, 1882. A written agreement was made, September 30, to the effect that a copy of the written evidence, on being submitted to and agreed upon by the plaintiff's counsel during the next eight days, should be attached to the brief. The certificate of the clerk states that the foregoing account (the subject-matter of this motion to dismiss) was attached and filed October 6, 1882. The bill of exceptions, which was signed October 17th, stated that the defendant offered in evidence the books on which the plaintiff had charged the defendant, copies of which are annexed to a brief of the oral and copies of the written evidence, as agreed on and approved by the court, and forms a part of this record:

   *Held*, that the accounts attached to the brief were sufficiently identified, and the motion to dismiss the writ of error is overruled.

2. Where a running account continued through several consecutive years, being added up at the end of each year, the credits subtracted, and the balance carried forward to the next year, and, after the account had thus continued for several years, the aggregate balance was more than one hundred dollars, the creditor could not divide it into two parts, and thus bring each within the jurisdiction of a justice's court. Although the creditor might have sued at the end of each year, if the balance at the end of the year was charged up on the next year's account, and this was continued through several years without a settlement, the whole became but one account and but one indebtedness.

   October 23, 1883.

Practice in Supreme Court. Debtor and Creditor Justice Courts. Jurisdiction. Before Judge STEWART. Newton Superior Court. September Term, 1882.

Reported in the decision.

SIMMS & SIMMS, for plaintiff in error.

CLARK & PACE, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

1. The defendant moved to dismiss the writ of error in this case upon the ground that a copy of a certain account,

which was contained in a certain book of accounts offered in evidence by plaintiff in error, which was attached to the brief of evidence filed on the motion for new trial, was not approved by the court as part of the written evidence in said case. It appears that a brief of the oral evidence was approved by the presiding judge September 29, 1882. An agreement in writing between the parties in this case, by their counsel, to the effect that a copy of the written evidence, on being submitted to, and agreed to by plaintiff's counsel during the next eight days, should be attached to the brief, was signed September 30, 1882. The certificate of the clerk of the court was that the foregoing account was attached hereto, and filed October 6, 1882, The bill of exceptions, which was signed and certified by the presiding judge on the 17th day of October, 1882, states that the defendant offered in evidence the book on which the plaintiff had charged the defendant, a copy of which is annexed to a brief of the oral and copies of the written evidence, as agreed on and approved by the court, and forms a part of the record in this case.

The bill of exceptions is a part of the record, and this bill of exceptions states that the written evidence attached to the brief of the oral evidence, the same being a copy of the book of accounts of the plaintiff, Cox, which was offered and read in evidence by defendant, Floyd, "forms a part of the record in this case." Thus it is that the presiding judge affirms and certifies that this copy of the written evidence, attached to the brief of the oral evidence, constitutes a part of the record in the case. It thereby imports verity, and is identified and verified by the presiding judge. It thereby becomes a part of the brief of the evidence, and a part of the record in this case; so that the motion to dismiss is not well taken, and the same is overruled.

2. The question in this case is, where one person is indebted to another upon an account which runs through several consecutive years, and which, in the aggregate, amounts to over one hundred dollars, can be sued by that

other party in a justice's court, by allowing the account to be divided, so as to make two suits, each under one hundred dollars, but the two sums sued for aggregating the full amount of the account. The account in this case in the whole amounted to the sum of one hundred and thirty-two dollars. The same commenced in the year 1874, and ran regularly on from year to year to November, 1881, each year being added up and credits subtracted, and the balance due being carried over to the next succeeding year, and thus a final balance was left of the sum stated. Two actions were brought in a justice's court against plaintiff in error by defendant in error, at the same time, one for the sum of ninety-five dollars and twenty-five cents, and one for the sum of forty dollars and seventy-five cents, and copies of accounts attached to the summons in these cases show that these two actions embraced the whole account due by plaintiff in error to the defendant in error. The defendant to these actions pleaded to the jurisdiction of the justice's court, in that these two actions were each founded on parts of the same account, which account was more than one hundred dollars; the justice dismissed the plea, and gave judgment for plaintiff, Cox; Floyd appealed to the superior court, and upon the trial of the case, the jury rendered a verdict against the defendant. The defendant moved for a new trial, which was overruled by the court, and he excepted, and complains that this refusal was error.

One ground of error complained of was, that the court charged the jury, that if the account was to become due at the end of each year, then the justice's court had jurisdiction, provided the account for that year did not exceed one hundred dollars.

In this charge the court mistook the law. This was a running account from year to year; there had been no settlement between these parties, and, although the plaintiff might have brought his action against the defendant upon the account at the end of each year, yet, if the balance at the end of each year was charged up on the next

year's account, this was then, at the end of several years, but one account and but one indebtedness, so that the plaintiff could not divide up this indebtedness so as to give a justice's court jurisdiction.   By the act of 1842 ( *Cobb's Digest*, 653; Code, §4133), justice courts had jurisdiction conferred on them, where a debt had been divided up and several promissory notes were given for the same, within the jurisdiction of that court.   It had been held by some of the judges of the superior courts, before the passage of this act, that, where one owed another a debt which exceeded the jurisdiction of a justice's court, a defendant, by dividing the debt and giving several promissory notes, each within the jurisdiction of a justice's court, would not thereby confer jurisdiction on such court.   See Welborn, Judge, *Ga. Decisions.*   Viewing the whole account of the plaintiff as one entire debt, it follows that the charge of the court complained of was error.*   Judgment reversed upon the ground that the court erred in refusing the new trial.

Judgment reversed.

---

*Compare Flournoy & Epping vs. Wooten, ex'r, 71 *Ga.*, 168.