THOMPSON *v.* McDONALD.

<div style="float:right">84   5<br>103  332<br>84   5<br>106  430</div>

1. An account resulting from a single contract cannot be split into two causes of action, the whole being mature when the first action was brought.
2. A contract with a partnership raises no cause of action in favor of one of the partners severally against the other contracting party, though the partnership was dissolved before full performance, and though, by arrangement between the partners, performance was completed, after dissolution, by the partner who has brought the suit.

November 27, 1889.

*Certiorari.* Actions. Accounts. Partnership. Before Judge HUTCHINS. Jackson superior court. February term, 1889.

Action in justice's court by E. A. McDonald against Mrs. P. G. Thompson, upon an account for sawing lumber. Verdict for the plaintiff for $31.69. Petition for *certiorari*, alleging that the evidence showed that the credit was given to defendant's husband; that

either Hall or M. L. McDonald was a partner in the lumber sued for ; and that there had been a former recovery upon the contract under which the lumber was sawed. Dismissal of *certiorari*, and exception by defendant. The opinion states the other facts.

PEYTON THOMPSON, for plaintiff in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

1. According to the evidence for both parties, the lumber sued for by McDonald was included in the contract made by McDonald in behalf of Hall and McDonald with Mrs. Thompson, the plaintiff in error. It was so charged on the books kept by Hall and McDonald, and was included in the action which they brought against her and in which they recovered, after striking from their bill of particulars these items of lumber. They thus had a recovery against her for a part of the lumber included in their general account, which account was the result of one and the same contract made between them and her through her husband as her agent. At the time they brought the action in which they recovered, the items now sued for, as well as the rest of the general account, were due. At least nothing to the contrary appears.

Having voluntarily withdrawn these items from the account, they could not bring a second suit for them, the rule being that all breaches of a contract up to the time of bringing action on the same must be included in the one action. *Macon and Augusta R. R.* v. *Garrard,* 54 *Ga.* 327 ; *Evans* v. *Collier,* 79 *Ga.* 319.

2. Another conclusive reason why there could be no recovery in the subsequent suit is, that that suit was based upon an alleged contract, express or implied, with McDonald alone, whereas, as we have stated, it was proved by both parties that the lumber was furnished under the contract made with Hall and McDonald. No

debt, therefore, from Mrs. Thompson to McDonald ever existed. It does appear that this lumber was furnished after Hall and McDonald dissolved partnership. But the dissolution of the partnership did not affect the contract which they had made with Mrs. Thompson. Nor did the partners themselves, as it would seem, design that it should do so; for they stipulated in the agreement between them, at the time of dissolution, that McDonald was to go on and complete existing contracts. This he did so far as the contract which they had made with Mrs.. Thompson was concerned. But by doing so, he did not: acquire a right to recover for the lumber in question by suing for its price in his own name. He could sue for it only in the name of the partnership, and if he had done that he must have failed by reason of the previous suit and judgment which already had been had upon the same contract. *He* cannot recover, because he alone is not Mrs. Thompson's creditor. The firm could not recover because they have already sued and recovered upon the same contract, voluntarily withdrawing these items from that suit. It follows that no suit for the items of lumber now in question can be maintained. For which reason we direct that the *certiorari* be sustained, and that the judge of the superior court direct in his judgment sustaining the *certiorari* that the action in the justice's court be dismissed. This useless litigation ought to be terminated.          *Judgment reversed.*