## ATLANTA ELEVATOR COMPANY *v.* FULTON BAG AND COTTON MILLS.

1. A creditor can not bring an action against his debtor for an amount admitted to be due upon an account resulting from a single contract, the whole debt being mature, thus enforce payment of that amount, and afterwards maintain a second action against the defendant for a balance alleged to be due on the same account in excess of the amount originally sued for ; and this is true although the petition filed in the first case recited that the plaintiff reserved the right to bring such second action.

2. Nor is a second action of the nature above indicated maintainable for the recovery of damages arising from alleged bad faith and litigiousness on the part of the defendant in refusing to pay in the first instance the full amount due to the plaintiff.

Argued December 13, 1898. — Decided February 3, 1899.

Complaint. Before Judge Lumpkin. Fulton superior court. March term, 1898. .

The petition alleged: The defendant is indebted to the plaintiff $75 principal and $100 attorney's fees. In the year 1895 defendant made a contract with plaintiff for the building of two elevators for the price of $1,143.75. After the completion of the work, defendant paid, in the early part of 1896, $640.25, and about December 15, 1896, $473.30, but refuses to pay the balance, which, after making the proper computation of interest for the time payment was deferred beyond maturity, is $75. Defendant's failure and refusal to pay was in bad faith, intended to delay, vex, and harass plaintiff, and to compel plaintiff, by reason of its necessities, known to defendant, to accept a smaller sum than the amount due. Although the $473.30 paid by defendant was admitted by defendant to be due, and though plaintiff offered to take the amount and leave the rest open to subsequent determination, defendant refused to pay the same, and compelled plaintiff to employ an attorney to bring suit therefor at an expense of $75. To that suit the defendant filed a plea denying every allegation therein, and thus sought to postpone a judgment in the suit as long as possible, for the purpose of harassing, vexing, and annoying plaintiff, and forcing plaintiff to accept a smaller sum than was due, in order to avoid the expense and annoyance of litigation. Defendant continued to defend the suit until ordered by the court to make oath as to the truth of its defense. Not until this was done did the defendant pay the indebtedness; since which time plaintiff has dismissed the suit. In addition to the matters above complained of, defendant has injured and damaged plaintiff in matters connected with said indebtedness, as follows: When the elevators were completed, defendant knew it was its duty to pay the balance of the contract price therefor; and defendant was well able to pay the same, being possessed of large resources and ample capital, and conducting a very profitable business. Nevertheless defendant, with the purpose to grind plaintiff down and wrong plaintiff out of its profits and earnings, and knowing that plaintiff was in serious need of the money, deliberately set to work to devise frivolous and vexatious excuses for delay-

ing payment, so that it might fatigue plaintiff into accepting a far smaller amount than the amount agreed on, and an inadequate amount for the service rendered. Plaintiff sought by every possible means to humor the various frivolous and unjust demands of defendant, and as each new excuse was made for postponing payment, patiently met and removed it. During all this time it was known to defendant that plaintiff was in serious need of this money for the purpose of using it to pay the firm from whom plaintiff had procured a large portion of the material used on the elevators, and was being pressed by said firm for payment. Upon one pretext and another, defendant, knowing this, delayed payment of the money for nearly six months. Finally when defendant had exhausted every possible excuse for delay, it admitted a balance of indebtedness as claimed by plaintiff to be due, and promised to pay the same if plaintiff would come for it; but when plaintiff asked payment, defendant frivolously trumped up another excuse reducing the amount by some $30 or $35. Plaintiff refused to accept the amount offered unless it were paid unconditionally, but offered to accept and repeatedly requested defendant to pay the new amount admitted to be due, without prejudice to the rights of either party. When defendant found that plaintiff would not longer be imposed on and that it had passed the limit of plaintiff's endurance in these frivolous and vexatious steps, defendant sought to instigate plaintiff's creditors above mentioned to institute garnishment proceedings against plaintiff, and succeeded therein, though plaintiff was able afterwards to persuade said creditors to refrain from said proceedings. The conduct of defendant seriously injured plaintiff's credit, and has damaged it in the sum of $1,000, for which in equity and good conscience defendant ought to make reparation.

By amendment the plaintiff alleged: In the suit referred to in the original petition, plaintiff expressly stated that it then sued only for the admitted balance and not for the full claim, and claimed the right to reserve its suit for the full indebtedness, and for damages and expenses of litigation, for a subsequent suit. Plaintiff was actuated in bringing the first suit solely by its necessities known to defendant, and sued only for

the admitted balance in order to avoid the delays of litigation. There was no settlement of the former suit. The amount sued for was paid and accepted without terms or conditions, and the dismissal was plaintiff's voluntary·act subsequently done.

The petition as amended was demurred to upon the grounds that it set out no cause of action; that if plaintiff had any ground for damages, it should have been included in the original suit; and that the allegations of the petition were uncertain, irrelevant, and impertinent.

> *Alexander & Lambdin,* for plaintiff.
> *Glenn, Slaton & Phillips,* for defendant.

LUMPKIN, P. J.   The Atlanta Elevator Company brought an action against the Fulton Bag & Cotton Mills, which was dismissed on demurrer, and the plaintiff excepted.   The substance of the plaintiff's petition, the amendment thereto, and the demurrer appear in the official report.   We have no difficulty in reaching the conclusion that the judgment complained of was correct.   Nothing is better settled than that the measure of damages for refusing to pay money due to another is the interest lawfully accrued.   Another well-settled principle is, that "if a contract be entire, but one suit can be maintained for a breach thereof."   Civil Code, § 3793.   And see, in this connection, *Desvergers* v. *Willis,* 58 *Ga.* 388; *Evans* v. *Collier,* 79 *Ga.* 319; *Thompson* v. *McDonald,* 84 *Ga.* 5, holding that "an account resulting from a single contract can not be split into two causes of action, the whole being mature when the first action was brought"; *Allen et al.* v. *Stephens,* 102 *Ga.* 596; *Broxton* v. *Nelson,* 103 *Ga.* 327.   The mere fact that a creditor is poor, and on account of his distressed circumstances needs money due him, gives him no more right to sue a debtor for an amount admitted to be due upon a single account, reserving the right to sue for a balance in dispute, than would have a millionaire to arbitrarily cut up and bring separate suits upon a single cause of action against a debtor of the latter.

It was earnestly insisted in the argument made here for the plaintiff in error, that inasmuch as the original action had been voluntarily dismissed without having been carried to judgment,

the fact that it had been brought presented no legal obstacle to the bringing of the second action — the one now under review. If the first action had been totally unproductive — that is, had been merely brought and dismissed — the plaintiff might very well have begun another suit, and therein have claimed a larger amount than that named in the first one. But we are not dealing with a case of that kind. Taking in view all the allegations of the present petition and the amendment thereto, it plainly appears that the plaintiff accomplished all it sought to do by bringing the original action. It sued for a specified amount of money. The defendant tendered, and the plaintiff accepted, this identical amount, practically, if not professedly, in full settlement of all it claimed in that action. This was an end of the matter. After receiving full payment of all it had sought to recover, and in the absence of any agreement as to what disposition or direction should thereupon be given to the case, no other course was left to the plaintiff except to dismiss. The result therefore was, to all intents and purposes, just the same as would have been reached had a judgment been rendered in the plaintiff's favor and subsequently paid off. The first suit was as much functus officio as it would have been had it taken the direction just indicated. We therefore feel warranted in dealing with the case now before us precisely as we would do had the plaintiff enforced by judgment the collection of the amount for which it sued in the first instance.

The foregoing disposes of the plaintiff's present action, in so far as it relates to the balance alleged to be due to it upon account. The action for such balance not being maintainable for the reasons stated, it follows that the plaintiff can not recover therein damages on account of alleged bad faith and litigiousness on the part of the defendant, growing out of the transactions between them. Any claim arising on this account could and should have been asserted in the first action.

*Judgment affirmed. All the Justices concurring.*