28091.   GOWDER *v.* REEVES.

DECIDED FEBRUARY 15, 1940.

*H. T. Oliver,* for plaintiff.   *J. H. Blackshear,* for defendant.

STEPHENS, P. J. G. D. Gowder brought suit against Jesse Reeves to recover a balance due of $234.64 on an open account. The defendant answered denying liability, and claiming that the plaintiff had been fully paid for all amounts in which the defendant had been indebted to him in the past. By an amendment the defendant alleged that for several months previous to January 7, 1938, he purchased from the plaintiff groceries, food, fuel, wood, coal, feed, and similar merchandise; that he maintained a running or open account with the plaintiff; that on this date all money due the plaintiff by the defendant on such running or open account had matured and was due, and the plaintiff filed suit against the defendant in the justice's court on an account alleging the balance due to be $57.75; that the defendant was duly served and the plaintiff did, on March 18, 1938, obtain judgment against the defendant for such sum with interest and cost; that the defendant has paid this judgment and cost; that the plaintiff is not entitled to recover in this case or maintain this suit because the account here sued upon, if due at all, was due at the time of the filing of the suit in the justice's court, and that the plaintiff was without right to divide this account.

It appears from the itemized copy of the account sued on that such account was for groceries, tobacco, produce, cold drinks, some wood, patent medicines, tooth paste, etc. This itemized account showed no charges made against the defendant for any coal sold him by the plaintiff. The plaintiff testified that the sum sued for was the correct balance due by the defendant to him and that it had not been paid. The plaintiff's bookkeeper testified that he kept a correct set of books and that he remembered the sales made to the defendant and that some of them were made by himself and the sales slips posted on the books. The plaintiff further testified that he had sued Reeves in the justice's court and obtained a judgment which he collected by garnishment, but that the suit was based upon a different account, being an account due the plaintiff by the defendant for coal sold to the defendant; that the plaintiff sells coal, wood, gas, oil, groceries, and general food stuffs; that Reeves bought coal, wood, groceries, and probably some gas; that when Reeves purchased anything it was put on the books; that the defendant "had an open running account with" the plaintiff; that the plaintiff's place of business was at 25 Davis Street, Gainesville,

Georgia; that the plaintiff has not an office but has a place in the store where the books are kept, that he has just one telephone for his business; that the account sued on in the justice's court "was for coal he [the defendant] got;" that the defendant worked for the plaintiff and when he left he owed the plaintiff "these bills;" that they were all due at that time and had matured, and that therefore what Reeves owed the plaintiff was due when he left his employ. Other witnesses who were customers of the plaintiff testified that the plaintiff ran a general grocery business and also sold coal. A former clerk of the plaintiff testified that he had worked for the plaintiff and sold groceries to the defendant. The plaintiff further testified that he "took orders for the coal at the grocery store, but the coal yard was at a separate place from that and kept on a separate book." The plaintiff also testified that he did not obtain the consent of the defendant to bring the suit on the account for coal in the justice's court and the suit on the account for groceries in the city court. There was no evidence that the plaintiff obtained any consent from the defendant to separate or divide any one general running account into two or more parts so as to allow the justice's court to have jurisdiction of the coal account. On the conclusion of the evidence the judge directed a verdict for the defendant. The plaintiff moved for a new trial on the general grounds, and on various special grounds assigning error upon the direction of the verdict. The court overruled the motion, and the plaintiff excepted.

A creditor who brings an action against his debtor for part of an amount due upon an account resulting from a single contract, the whole debt being mature when the suit is brought, can not afterwards maintain a second action for the balance alleged to be due on the same account in excess of the amount originally sued for. *Atlanta Elevator Co.* v. *Fulton Bag &c. Mills,* 106 *Ga.* 427 (32 S. E. 541); *Thompson* v. *McDonald,* 84 *Ga.* 5 (10 S. E. 448).

Did the account of the defendant with the plaintiff for groceries and sundry items of merchandise, and the account for coal sold to him and charged on the books of the plaintiff, constitute a general running account against the defendant of an indivisible nature? If there was only one account the judgment in the suit on account in the justice's court for the coal charged to the defendant could be pleaded in bar to the present suit which is to recover the balance

due for the groceries and sundry merchandise sold to the defendant by the plaintiff, all the items of which had matured at the time of the institution of the suit in the justice's court. In *Johnson* v. *Klassett, 9 Ga. App.* 733 (72 S. E. 174) it was held that "A running book account, all the items of which have matured at the time of the suit, can not be split into separate parts, without the consent of the defendant, for the purpose of bringing each part within the jurisdiction of a justice's court; the account constitutes one demand, and all the items thereof must be included in a single suit. If the running account thus indivisible is divided into separate parts, a recovery upon one part would ordinarily be a bar to a subsequent action for any items of the account not included within the first suit." The reason for this rule is "that both law and equity abhor a multiplicity of suits, and will not permit a plaintiff to divide the items of an account then due, for the purpose of harassing the defendant and subjecting him to unnecessary suits. The only just and sound rule—a rule just to both parties—is to compel the plaintiff, where all of the items of the account are due when suit is brought on a running account, to include the whole account in a single suit." *Id.* 737.

It does not appear as a matter of law that the account here sued on is a part of a general running account against the defendant of an indivisible nature. There was some evidence tending to show that the plaintiff, in addition to conducting a grocery store at 25 Davis Street in Gainesville, maintained and operated a coal yard in that city some little distance from his grocery store and apart from it; that the plaintiff kept all books at his store where he employed a bookkeeper; that the coal which he sold on credit was charged upon a different ledger or account book from that where his grocery and general merchandise accounts were kept; that the subject-matter of the suit in the justice's court, in which the plaintiff obtained a judgment which he collected through garnishment, was coal which the plaintiff had sold to the defendant and charged to him upon a ledger separate and apart from the book in which he kept his grocery accounts; and that the subject-matter of the present suit was groceries and sundry articles which the plaintiff had sold and charged to the defendant, and contained no items of coal which the plaintiff had furnished and sold to the defendant. Therefore there was evidence tending to show that the

defendant owed the plaintiff two separate and distinct accounts, kept separate and apart from each other by the plaintiff, one for coal and the other for groceries and other items of merchandise.

It does not appear conclusively from the evidence that the coal was furnished on the open account upon which the articles sued for were furnished. So far as appears the coal may have been furnished under a separate and distinct account from that under which the goods sued for in the present case were furnished.

It was therefore error for the court to direct a verdict for the defendant on the theory that the judgment in the justice's court was a bar to the present suit. There was evidence from which the jury could have found that the account sued on was just, due, and correct. Therefore a verdict for the plaintiff would have been authorized. The court erred in overruling the plaintiff's motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*