28828.   OLIVER *v.* HALL COUNTY MEMORIAL HOSPITAL.

DECIDED MAY 30, 1941.

*Frank B. Stow, H. T. Oliver Jr.,* for plaintiff in error.

*W. B. Lance, Bill Lance,* contra.

MACINTYRE, J. This case was before this court on demurrer. *Oliver* v. *Hall County Memorial Hospital,* 62 *Ga. App.* 95 (8 S. E. 2d, 138). It was held that the demurrer to the petition was properly overruled. The exception now is to the direction of a verdict in favor of the plaintiff for $270.50, plus interest and cost. The defendant was a patient in the hospital in the summer of 1937, and when he left there on July 24, 1937, he was presented with a statement containing the accounts of both the doctor and the hospital. The amount was $354.50, and the defendant gave the hospital a check for that amount, dated October 10, 1937. The check was never paid in full, but $25 was paid to the doctor on his account. The doctor recovered a judgment of $100 principal, with interest, against the defendant, on November 22, 1938. Subsequently the hospital brought suit against the defendant for the amount here recovered. The defendant introduced no evidence attacking the correctness of this account, but contended that he "was a patient in the hospital, and, as the evidence shows, that when he was discharged he gave a check for $354.50 for the doctor's bill and the hospitalization, which was the same account charged on the same book by the same bookkeeper [in the hospital] at the same time;" and that "the check is a contract, and this agreement was a bill of exchange and order to pay, and that constituted the entire contract, and when a judgment was obtained on a part of the contract by suit [by the doctor in his own name for $100, the balance due for his services] it still bars suits for the hospital services which were on the same account." To this we can not agree.

The hospital authorities in this case, for the convenience of a physician attending a patient therein, made entries on its books under the account of the defendant patient, recording the number

of visits made by the physician and the charge therefor while the defendant was at said hospital. The hospital undertook to collect from the defendant for its services as well as for those rendered by the physician, and in doing so it presented to the defendant a single statement which included not only the account owed the hospital but also the account owed the doctor. The mere presentation by the hospital to the patient of a single statement containing the account of the doctor and the account of the hospital does not necessarily merge the account of the doctor into an indivisible part of the account of the hospital; and under the facts of this case, upon a failure of the defendant to pay either or both accounts, the doctor or the hospital may subsequently sue in his or its own name for the value of his or its services, and this is true even though in the meantime either may have brought suit in its or his own name and recovered for its or his services only. Nor does the mere statement of the two accounts as above stated make the patient the debtor of the hospital alone, where the account of each arose out of a separate contract for his or its services. If payment is made with a bad check (which is not itself paid), the creditor or creditors may treat the payment as a nullity and recover on the original claim. 5 Williston on Contracts, 4181, 4394, §§ 1498 (3), 1572. Thus, after the bad check in this case was treated as a nullity by the creditors, it no longer affected the character of their original accounts which arose out of separate contracts for services rendered separately.

The defendant relied on *Johnson* v. *Klassett*, 9 *Ga. App.* 733 (72 S. E. 174), where it was ruled: "A running book account, all the items of which have matured at the time of the suit, can not be split into separate parts, without the consent of the defendant, for the purpose of bringing each part within the jurisdiction of a justice's court; the account constitutes one demand, and all the items thereof must be included in a single suit. If the running account thus indivisible is divided into separate parts, a recovery upon one part would ordinarily be a bar to a subsequent action for any items of the account not included within the first suit." And in the opinion it was said that the principle is embraced in the Code, § 20-1401, which declares: "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as

where money is to be paid by instalments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." In that case the original and only consideration was for goods sold by the plaintiff to the defendant; the account arose out of a quantum valebat, and the seller himself brought suit against the purchaser, and this court held that if the items of the running account were indivisible, a separate suit could not be brought on each item which had matured and the defendant be thus subjected to a multiplicity of suits. In the instant case the original consideration was for services rendered (quantum meruit) by two separate and distinct parties. There was no evidence to show that the defendant had any express agreement that the hospital was to furnish the services of the doctor, and the mere fact that for convenience the hospital rendered to the defendant a single statement or request for payment of the two accounts, one for the services of the doctor and the other for the services of the hospital, does not evidence an implied agreement that the hospital was to furnish, or had in fact furnished, the services of the doctor. Such a statement in writing by the hospital authorities, containing the accounts of both the doctor and the hospital, does not alone merge the account of the doctor and that of the hospital into one entire indivisible account, to wit, that of the hospital. See Code, § 20-112. The doctor positively and unequivocally testified that his bill for medical services was separate and distinct from the hospital's bill for its services. After this testimony the following questions were propounded to and answered by the doctor: "Q. Why does the hospital sometimes include your services when they go to discharge a patient and take a check? A. It just simplifies it. Q. Is it the duty of the bookkeeper to collect for your services as well as the hospital? A. Yes, sir. Q. When a patient leaves there, your bills made there at the hospital are included in the hospital bills? A. Yes, sir. Q. The bookkeeper keeps your account with the hospital account down there? A. Yes, sir." The bookkeeper testified that the doctor's bill was included in the amount of $354.50, and that at the time the defendant was discharged from the hospital the doctor's bill as well as the hospital bill was included in his total bill. Neither the subsequent testimony of the doctor quoted above nor this testimony of the bookkeeper disproved or materially altered or varied the former testi-

mony of the doctor that his medical services were separate and distinct from the services rendered by the hospital.

The judge in effect held that from the evidence relating to the issue of divisibility or indivisibility, taken as a whole with the reasonable deductions therefrom, it was manifest that the only verdict the jury would be authorized to find was that the accounts of the doctor and of the hospital were separate and divisible, that they arose out of separate services rendered by each of them; and that the plaintiff, having proved the correctness of the account, made out a prima facie case. The defendant introduced no evidence. We think that the judge did not err in directing a verdict in favor of the plaintiff, and in overruling the motion for new trial for any reason assigned. *Massey* v. *Rothschild*, 33 *Ga. App.* 143 (125 S. E. 771); *Pacetti* v. *Rowlinski*, 169 *Ga.* 602, 605 (150 S. E. 910).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*