## 37728. BEAVER *v.* AKINS.

TOWNSEND, Judge. 1. This case will be controlled by a determination of whether the plea of res judicata filed by Beaver to Akins' suit on open account against him in Bulloch Superior Court in the sum of $300.14 was a good plea. The documentary evidence and testimony of both parties demands a finding that in the previous litigation Beaver had sued Akins for $4,000 on a note; that Akins pleaded payment in full by payment of $2,950 which was usuriously credited to interest and a credit of $1,050 out of $1,350.14 owing to him by Beaver on an open account. The present litigation is for the difference between these two latter figures.

The jury in the first case found for Beaver in the sum of $480.02 and thus necessarily adjudicated that Akins owed Beaver a sum on the note in excess of the sum which Beaver owed Akins on the account. It follows that the mere fact that Akins failed to pray for judgment in his favor in his plea of setoff to the first action does not give him a right of action now, since the jury in the first action, by finding in favor of Beaver for some amount, adjudicated under the pleaded facts relating to the note and open account the respective rights and liabilities of the parties under both up to the date of that

verdict. If the judgment on the note suit had been a general judgment in favor of the defendant instead of a money judgment in favor of Beaver it is possible that the decision here might be different, but we do not have that question for decision. While a plaintiff cannot, by suing a defendant, compel the defendant to plead a setoff against him and so rid himself of possible future litigation (*Newsome* v. *Smith*, 25 *Ga. App.* 148 (2), 102 S. E. 841) neither can a party split his cause of action by suing for only part of his matured demands on an open account and reserving part of them for future litigation. *Gowder* v. *Reeves*, 61 *Ga. App.* 715, 718 (7 S. E. 2d 337); *Johnson* v. *Klassett*, 9 *Ga. App.* 733 (72 S. E. 174). "These principles are applicable where the breach is pleaded in a setoff or recoupment against the plaintiff. *Desverges* v. *Willis*, 58 *Ga.* 388." *Chappell* v. *F. A. D. Andrea, Inc.*, 47 *Ga. App.* 816 (1) (171 S. E. 582). And, under the *Chappell* case, "the judgment in the former case is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired into or not."

It follows that the verdict of the jury finding against the defendant's plea of res judicata was without evidence to support it, and that a recovery by the plaintiff in this case cannot be sustained. The trial court accordingly erred in denying the motion for new trial on the general grounds.

2. The special grounds of the motion for new trial are not likely to recur and accordingly are not passed on.

The court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 10, 1959—REHEARING DENIED JUNE 24, 1959.

*W. G. Neville, Wm. J. Neville, Ralph U. Bacon,* for plaintiff in error.

*Johnston & Ussery, Robert D. Ussery,* contra.