## 50613. JOHNSON v. THE STATE.

Quillian, Judge.

The appellant was tried and convicted of the offense of receiving additional compensation as a bondsman in violation of Code § 27-506 (Ga. L. 1921, p. 245); punished as a misdemeanor by Code § 27-9903 (Ga. L. 1921, p. 245). An appeal was filed and the case is here for review.

The accusation upon which the appellant was tried stated that the appellant "with force and arms did unlawfully then and there demand and accept payment of $528.75 from Oscar Eugene Scott in addition to and after receiving from the said Oscar Eugene Scott the sum of $50.00 as a fee for signing of a surety bond to effect the release of one Roger Dale Alewine, the said $528.75 being in addition to said fee in said case, the said accused being a professional bondsman acting in the scope of his employment as agent for and employee of Glenn Hughes, d/b/a Hughes Bonding Company and not being entitled to

receive any other sum in the case of the final disposition of the same."

Upon the trial of the case the facts as stated in appellant's brief showed that Roger Dale Alewine was arrested for driving under the influence and driving with license in revocation and was incarcerated in Cobb County Jail. His bond was set at $500.00. Mr. Alewine worked as a cook with Sam Wilkerson. Mr. Oscar E. Scott knew Alewine just casually, but Mr. Wilkerson asked Mr. Scott to go over to Cobb County to see about getting Alewine out of jail. Mr. Scott, running Mr. Wilkerson's errand went to Hughes Bonding Company and saw the defendant about arranging for a bond to be made. The defendant felt that Alewine was undependable and found out that Mr. Scott owned real property, had a good job and felt he was reliable. The defendant took an application from Mr. Scott and a promissory note for the amount of the bond was signed on June 6, 1974, and was executed by Alewine and Mr. Scott. Mr. Scott also signed an agreement to guarantee to Hughes Bonding Company that Alewine would appear in the court or that he, Mr. Scott, would be liable to Hughes Bonding Company for the bond and costs conditioned solely upon this. The defendant agreed to make the bond and Mr. Scott paid him $50.00. The bond was signed on June 7, 1974. Alewine was released. Mr. Scott was willing to be jointly responsible for Alewine and understood that this was to be so.

After his first appearance in court, Alewine did not show in court and has not been seen since. A bench warrant issued and the defendant received a copy of it. A judgment absolute issued against Alewine and Hughes Bonding Company, for the amount of the bond and costs. The defendant was intent on returning Alewine to court and both the defendant and Mr. Scott looked for him. The defendant called on Mr. Scott to produce Alewine. Under evidence against the defendant, but denied by the defendant, the defendant asked Mr. Scott for the bond forfeiture and cost money. Someone from another bonding company told Mr. Scott that he did not have to pay these costs, and took Mr. Scott's papers to Bill Hutson, of both pretrial services and the sheriff's office. Oscar F. Scott

was called by Bill Hutson and it was arranged for Mr. Scott to see the defendant and to give him a check and get a receipt. Mr. Scott was trying to get out of paying.

On September 5, 1974, as arranged, Mr. Scott went to the defendant's office and gave him a check for $528.75, $500.00 being for the bond and $28.75 for costs, and got a receipt from the defendant for said check which was marked as receiving a check and as being for payment of a bond forfeiture and costs. On a prearranged signal from Mr. Scott, Bill Hutson and five others burst into the defendant's office, took the receipt and received the check. The defendant and his employer, Glenn Hughes, who was not present, were arrested for accepting payment of $528.75 from Oscar E. Scott on September 5, 1974, in addition to the $50.00 as fee for signing the bond.

A writ of fieri facias issued on October 7, 1974, against Roger Dale Alewine and Hughes Bonding Company in the amount of $528.75. Bill Hutson, through his pretrial services office has since demanded payment of $528.75 from Hughes Bonding Company for this bond forfeiture. Bill Hutson stated that he was not interested in recovering the same from Alewine. The judgment is not paid.

The check that Mr. Scott gave to the defendant has been held by the sheriff's department since September 5, 1974; it was never endorsed or presented for payment or ever paid. In fact, no action whatsoever has been taken on the check. The check itself was not good and if it had been deposited would have been dishonored. In the whole month of September, there were not sufficient funds to cover it. Not until October 10 was a deposit sufficiently large made. The defendant has received no cash whatsoever. *Held:*

1. The accusation alleged that the defendant accepted the additional payment of $528.75 on September 5, 1974. It is therefore clear that the accusation is predicated on receiving a check on September 5, 1974, and makes no charge against the defendant with regard to the note of June 6, 1974.

2. The question remaining is whether the check which the appellant received constituted "any other sum" in excess of the fee for becoming a surety on the criminal bond. This question must be answered in the negative.

"Bank checks and promissory notes are not payment until themselves paid." Code § 20-1004; *Sims v. Bolton,* 138 Ga. 73 (1) (74 SE 770). Furthermore, the evidence showed that the check was not valid when it was executed and therefore a nullity. *Oliver v. Hall County Memorial Hosp.,* 65 Ga. App. 59 (3) (15 SE2d 257).

This reversal of this case clearly indicates a need for legislation in regard to the statute here involved.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED MAY 7, 1975 — DECIDED JUNE 9, 1975.

*Grubbs & Platt, J. M. Grubbs, Jr., Adele Platt,* for appellant.

*Paul F. Carden, Solicitor,* for appellee.