## 53179. SUPERIOR DRYWALL SUPPLY, INC. v. JACKSON.

SMITH, Judge.

Appellant, on November 10, 1975, brought an action in the court of common pleas of Edgefield County, South Carolina against E. K. Layton and J. T. Layton, d/b/a Dixie Drywall Company alleging the defendants were residents of the county and "are d/b/a and representing themselves to be partners in Dixie Drywall Company." This action was brought on certain items of account in the name "Dixie Drywall" and was for items from July 3, 1975 to October 17, 1975, totaling $4,509.88. A judgment by default was entered against the "defendants" and the judgment was subsequently marked paid and satisfied.

Subsequently, on March 12, 1976, appellant, in the

Superior Court of Columbia County, Georgia , brought an action against "Randy Jackson, d/b/a Dixie Drywall Company and as a partner in Dixie Drywall Company . . ." This action was brought on certain items of account in the name of "Dixie Drywall" and was for items of account from August 29, 1975, through October 16, 1975, totaling $7,979.44. There is no evidence or contention that any item sued for in the first action is the same item as sued for in this action. The defendant in this action defended on the ground that the items of account sued upon were due and payable when the first action was filed. Also, he contends there was only one account, and that Dixie Drywall Company was a partnership composed of E. K. Layton and Randy Jackson, this defendant. For these reasons the defendant alleges the judgment in the first action was res judicata or estoppel by judgment as to the action in the present case. This is based upon the theory that a creditor cannot bring an action against his debtor for an amount admitted to be due upon an account resulting from a single contract, the whole debt being mature, thus enforce payment of that amount, and afterwards maintain a second action against the defendant for a balance alleged to be due on the same account in excess of the amount originally sued for. *Johnson v. Klassatt,* 9 Ga. App. 733 (72 SE 174); *Thompson v. McDonald,* 84 Ga. 5 (10 SE 448); *Atlanta Elevator Co. v. Fulton Bag &c. Mills,* 106 Ga. 427 (32 SE 541). Based upon this theory, the trial judge granted defendant's motion for summary judgment and plaintiff appeals. *Held:*

1. The South Carolina action adjudicated that the account sued upon there was an account of Dixie Drywall Company, a partnership composed of E. K. Layton and J. T. Layton (or an account of these two individuals). The individual sued in the last action in this state was Randy Jackson who asserted in his defense that the partnership, Dixie Drywall Company, was a partnership composed of E. K. Layton and Randy Jackson and that J. T. Layton was never a partner and it is upon this contention that Randy Jackson predicates his claim of res judicata and estoppel by judgment. There is no evidence showing in any way that the judgment obtained in South Carolina

was void. While "[a] judgment void on its face may be attacked in any court by any person [§ 60 of the Civil Practice Act; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; Code Ann. § 81A-160], [i]n all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." Id. That section further provides: "A judgment may be attacked by motion for new trial, motion to set aside, or by complaint in equity. Judgments may be attacked by motion only in the court of rendition. Judgments may be attacked by complaint in equity in any superior court of appropriate jurisdiction." The judgment of the South Carolina court has not been attacked in any of these methods and the attack here made is a collateral attack and cannot be sustained.

2. The case therefore stands with a judgment in the South Carolina court against E. K. Layton and J. T. Layton as members of a partnership "Dixie Drywall Company," whereas the present action in this case is one against Randy Jackson as a partner in a partnership, "Dixie Drywall Co." composed of Randy Jackson and E. K. Layton. And the case is therefore controlled adversely to appellee by the decision of this court in *Floyd & Lee v. Boyd,* 16 Ga. App. 43 (2) (84 SE 494) in which it was held: "The dismissal of an action against a partnership is no bar to an action against a partnership of the same name, not comprising the same individuals. In contemplation of law, a partnership, regardless of the firm name, is an entity prima facie distinct from any other partnership or person; and this rule is not affected by the fact that some of the individuals composing the partnership may be members of another firm, engaged in the same or a similar business. The trial judge therefore did not err in sustaining a general demurrer to the plea of res judicata, filed in behalf of a partnership styled 'Floyd & Lee,' and alleged to be composed of J. R. Floyd and D. C. Lee, the plea being based upon a judgment dismissing a prior suit against Floyd & Lee, a partnership alleged to be composed of J. R. Floyd and B. C. Lee." It appears therefore that neither res judicata nor estoppel by judgment protects the appellee and the grant of summary judgment in his behalf was error.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED APRIL 7, 1977 —
REHEARING DENIED MAY 17, 1977 — 

*M. McNeill Holloway, III,* for appellant.
*Harrison, Jolles, Miller & Bush, Howard S. Bush,* for appellee.