The Macon and Augusta Railroad Company *vs.* Garrard.

———

THE MACON AND AUGUSTA RAILROAD COMPANY, plaintiff in error, *vs.* JOHN D. GARRARD, defendant in error.

1. An account for cross-ties delivered under a contract, the whole being due, is an entire demand, incapable of division for the purpose of bringing separate suits therefor.

2. Where an action is brought for a part of such an account and judgment obtained, and subsequently another suit is brought for an alleged residue of the account, it is not a sufficient reply to a plea of former recovery that the plaintiff did not know, pending the first suit, the whole number of ties furnished, it appearing that he was all the while in possession of the means of ascertaining all the facts and what his entire claim was, and that his want of knowledge was from his own fault and negligence.

Contracts. Pleadings. Former recovery. Before Judge POTTLE. Hancock Superior Court. April Term, 1874.

Garrard brought complaint against the Macon and Augusta Railroad Company on an account for cross-ties and wood, amounting to $5,250 50. The defendant pleaded the general issue and former recovery. The facts presented by the testimony were, in brief, as follows:

The plaintiff entered into a contract with the defendant to furnish cross-ties and wood at certain prices. For the purpose of carrying out his undertaking he employed three overseers, each to superintend a separate lot of hands. Cross-ties and wood were cut and various payments made by the defendant. Not obtaining what he considered a settlement in full, suit was instituted by the plaintiff for the balance then believed to be due and judgment recovered therefor. Subsequently, having become impressed with the belief that he had not made as much out of his contract as he should have, he made a close scrutiny into the amount of timber purchased by him, the number of cross-ties and cords of wood furnished,

and the sums of money received therefor. He then discovered that he had only embraced in his suit the cross-ties and wood cut and delivered by one of his overseers. This suit was therefore brought for what was furnished by the other two.

The jury found for the defendant. The plaintiff moved for a new trial because the verdict was contrary to the evidence. The motion was sustained and the defendant excepted.

GEORGE F. PIERCE, JR.; JAMES S. HOOK, for plaintiff in error.

R. TOOMBS; C. W. DuBOSE; F. L. LITTLE, for defendant.

TRIPPE, Judge.

1. For the purpose of determining this case, it matters not whether the contract between the plaintiff and defendant was entire or severable. When the first suit was brought the whole demand or debt was due. If so, it was incapable of division for the purpose of bringing separate suits therefor. Section 2939 of the Code provides "if a contract be entire but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract, (as where money is to be paid by installments,) an action will lie for each breach; *but all the breaches occurring up to the commencement of the action must be included therein.*" Here it is not denied that the whole claim, all that was included in the first suit and judgment, as well as what is now alleged was not, was due when that suit was commenced. Either an entire breach of the whole contract, or every breach that is complained of under that contract, had then occurred. The meaning of the Code is that there cannot be subsequent actions for breaches which have already occurred, though they were not included in the first suit. This construction was recognized as the proper one in 45

*Georgia,* 155, and there are numerous decisions holding that it is the established rule of law, independent of any statute. The question is fully discussed and many authorities cited in 7 Robertson's Practice, 175, *et seq.,* sustaining the ruling we make. It is true there are some contrary decisions, but the plain meaning of the section of the Code quoted is sufficient to sustain our judgment.

2. It is not sufficient to overturn this rule of law, for the plaintiff to reply to a plea of former recovery, that when the first suit was brought he did not know the whole amount of his claim—in this case, how many cross-ties he had in fact furnished—where that ignorance was from his own fault and negligence. Equity would not relieve in such a case ; that is, where the party, by reasonable diligence, could have had knowledge of the truth : Code, section 3126. And the principle goes still further. Even ignorance of a fact known to the opposite party will not justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act : *Ibid.* Here the evidence shows that the plaintiff below was all the while in full possession of all the means of ascertaining the true facts and what his entire claim was. He had twice moved in the matter ; once in making a settlement with his debtor. Not satisfied with that, he brought one suit. On a second investigation, which he was legally competent to assert, a judgment was had— that judgment was pleadable in bar against a second suit for a breach of the same contract, if that breach had occurred when the first suit was brought. There is no principle in equity that will relieve him from the rule, under the evidence, in this case. We therefore are of opinion that the verdict was what the evidence required the jury to render, and that there was error in granting a new trial.

Judgment reversed.