## EVANS vs. COLLIER.

1. Where, to a suit for services rendered, a plea of payment was filed, there was no error in charging that, "If you believe from the evidence that the plaintiff has been fully paid for such services as he is shown to have rendered the defendant, as set up in defendant's second plea, he cannot recover, nor can his lawyers, in this view of the case, recover anything for their fees." Such a charge, though general, was sufficient. Nor was it erroneous on the ground that it did not except payments made during the plaintiff's minority, or after suit was brought by which his attorneys were deprived of their fees.

(a) The plea of payment in this case was demurrable for duplicity; but not having been demurred to, it will be treated as good.

2. Where, to a suit for services rendered, the defendant pleaded that the plaintiff had previously brought suit against him in a justice's court, and had obtained judgment for the sum of $12.50 for such services rendered to the defendant at $5.00 per month, there was no error in charging that, "If the suit was on a special contract of Evans (plaintiff), made while a minor, with Collier (defendant) to pay him so much per month for his services, Evans would be bound in law to include in that one suit all that was due him under that special contract, and the judgment would conclude him until reversed or set aside; that is, it would be conclusive that the judgment covered all that was due him under his infantile contract." Such a judgment was binding on the plaintiff, and was not void because he was a minor at the time he recovered.

(a) All breaches of the contract up to the commencement of the former action and the amount due to the plaintiff therefor, are conclusively presumed to have been included in such suit.

October 25, 1887.

Actions. Pleadings. Charge of Court. Payment. Contracts. Judgments. Minors. Presumptions. Before Judge VAN EPPS. City Court of Atlanta. June Term, 1887.

The following is added in connection with the report contained in the decision. The second and third pleas mentioned were in these words:

2. "Defendant says that if he was ever so indebted to plaintiff for the cause of action mentioned in his said declaration, or any part thereof, he paid off and settled the same, and more than paid the

same, month by month, in board and clothing and other necessaries and sums of money furnished to the said plaintiff in full satisfaction thereof, and as to any small balance thereof, the same hath been adjudicated and determined by judgment of the justice's court of the 1362 district, G. M., in a suit there pending, brought by said plaintiff against this defendant, covering and embracing the same subject-matter, wherein said plaintiff obtained a judgment against this defendant for his said cause of action, being the same as that in the present suit contained, for the sum of thirteen dollars, which judgment is dated 14th day of May, 1883, rendered by ———— Walker, the magistrate presiding therein; and which judgment afterwards, to-wit, on the 28th day of May, 1883, this defendant paid off and settled in full, with costs of suit. And defendant says that said cause of action, if such there was, is thereby forever barred; and defendant pleads the same in bar of the present suit," etc.

3. "The defendant amends his plea and says that, since the last continuance, he has bought his peace from said plaintiff, to-wit, on June 11, 1885, and paid him the sum of three hundred dollars in full of all demands, real or supposed, including that whereof plaintiff has unjustly complained against him, as aforesaid; in acknowledgment whereof the said plaintiff made and delivered to defendant his instrument in writing in the words and figures following, to-wit: 'Received of Geo. W. Collier three hundred dollars in full of all demands against him, and including two suits in the city court of Atlanta, one for wages and one for damages; this to be a full settlement between us,' " etc.

The plaintiff's attorneys introduced their contract of employment made with the plaintiff, which gave them authority to institute the suits and a lien for their fees upon the recovery to the extent of one-half; and also stipulated that the plaintiff was not to settle without their consent.

ARNOLD & ARNOLD, for plaintiff in error.

HULSEY & BATEMAN; HILLYER & BRO., for defendant.

BLANDFORD, Justice.

Joseph Evans brought his action upon an account against George W. Collier, for work and labor done from the first of January, 1879, to the first of January, 1884, at $20 per month, $1,200. To this action the defendant filed three

pleas: (1) the general issue; (2) a plea which he called a plea of payment; and (3) a plea of accord and satisfaction. Upon the trial of the case, the jury found for the defendant on the two first pleas, thereby finding for the plaintiff on the third plea. A motion for a new trial was made by the plaintiff on several grounds.

1. The first special ground of the motion was as follows: "Because the court erred in charging the jury as follows: 'If you believe from the evidence that the plaintiff has been fully paid for such services as he is shown to have rendered the defendant, as set up in defendant's second plea, he cannot recover, nor can his lawyers, in this view of the case, recover anything for their fees.' The above charge excepted to because too general in this case. It does not except payments when the plaintiff was a minor, nor does it except the payment made after suit was brought, by which his attorneys were deprived of their fees."

We do not see how this charge is too general. The court charged the jury that if they were satisfied from the evidence that he had been fully paid off for all the services he had rendered, he could not recover. While that is a very general charge, it was sufficient, and left it to the jury to say whether the evidence authorized them to find that the plaintiff had been paid off for his services rendered up to that time.

It may be well to remark here that the second plea is a duplex plea; it is bad for duplicity; and if the plaintiff had specially demurred to it, the court would doubtless have stricken it; but being good in substance and not being demurred to, we will have to treat it as a good plea.

2. The next error complained of is, "Because the court erred in charging the jury as follows: 'If the suit was on a special contract of Evans, made while a minor, with Collier, to pay him so much per month for his services, Evans would be bound in law to include in that one suit all that was due him under that special contract, and the judgment would conclude him until reversed or set aside;

that is, it would be conclusive that the judgment covered all that was due him under his infantile contract.' This charge is excepted to because it estops an infant by a justice's judgment, where it does not appear the infant had a next friend or counsel to advise him of his rights."

The plea alleged that there was a certain judgment rendered in favor of the plaintiff against the defendant, in a suit brought in 1883, in a justice's court, by Evans against Collier, for the sum of $12.50, for services rendered by him at $5 a month. This portion of the charge of the court was applicable to this second plea; and the exception to the charge is based upon the ground that when this judgment was obtained by Evans against Collier in the justice's court, Evans was an infant, and was not thereby bound. We think he was bound, whether an infant or adult. Whatever may be the law of any other State, we think our code settles that question. Section 3263 is as follows: "A suit commenced and prosecuted by an infant alone is not void, and although the suit is defective in wanting a guardian or next friend, the defect is amendable before verdict and cured by verdict." So that whether he was an infant or not, after the judgment was rendered in his favor, that judgment cured any defect as to his not having had a *prochein ami* or guardian to represent him. The judgment had the same legal effect as if he had been of full age, and is a good judgment until reversed or set aside in some of the modes known to the law. So we think that there is nothing in this exception. The exception seems to admit that the charge is right, except that it does not apply to an infant.

The charge is right, under the decision of this court in the case of *The Macon and Augusta Railroad Co. vs. Garrard*, 54 *Ga.* 327. In that case the court said : "For the purpose of determining this case, it matters not whether the contract between the plaintiff and defendant was entire or severable. When the first suit was brought, the whole demand or debt was due. If so, it was incapable of

division for the purpose of bringing separate suits therefor. Section 2939 of the code provides, 'if a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is paid by instalments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein.'"

So that Evans, having brought an action against Collier in 1883, upon an account for work and labor done prior to that time, and having obtained a judgment against him, the presumption is that that included all that was due Evans up to the bringing of that suit; and it is a legal presumption which is conclusive. Taking any view of the charge that may be taken, we see no error in it. If this contract which was sued upon in this case was a general *indebitatus assumpsit* for work and labor done, on a *quantum meruit* account, so to speak, and it was for all the services the plaintiff had rendered Collier from the first of January, 1879, to the first of January 1884, and he thought proper in 1883 to bring his action against Collier for $12.50, two months and a half services at $5.00 a month, and obtained a judgment, he is concluded by that judgment from saying that Collier owed him anything prior to the bringing of that suit.

The assignments of error are numerous, but it is unnecessary to notice any other portion of the record. There may be some errors committed in the admission of testimony or the rejection of testimony, but they are wholly immaterial in the view we take of this case, and it is unnecessary to notice them.

The judgment is therefore affirmed.