### 13041. JONES *v.* SCHACTER.

STEPHENS, J. 1. All the rights of the parties to a litigation which have accrued under a contract must be litigated and adjudicated in one action. *Evans* v. *Collier,* 79 *Ga.* 319. A judgment rendered in a litigation arising under a contract is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired into or not; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as res judicata. See, in this connection: *Macon & Augusta R. Co.* v. *Garrard,* 54 *Ga.* 327; *Watkins* v. *Lawton,* 69 *Ga.* 671; *McWilliams* v. *Walthall,* 77 *Ga.* 7; *Thompson* v. *McDonald,* 84 *Ga.* 5 (10 S. E. 448); *Broxton* v. *Nelson,* 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. Rep. 97); *Johnson* v. *Klassett,* 9 *Ga. App.* 733 (72 S. E. 174); *Hoffman* v. *Summerford,* 28 *Ga. App.* 247 (111 S. E. 68).

2. The present case being a suit wherein the plaintiff seeks to recover from the defendant a certain amount alleged to be due as rent for certain described premises under an alleged contract of rental, the plea of res judicata filed by the defendant is insufficient to show that in the former litigation any rights of the parties under the rent contract sued on in the present case were adjudicated. It does not appear that under the pleadings as they existed in the former litigation, either in the then plaintiff's petition or the then defendant's set-off, or under the evidence adduced upon the trial of the former litigation, there was adjudicated any right under the contract sued on in the present case, since the plea of res judicata alleges only that after the accrual of the cause of action sued upon the present defendant had, in the former litigation, instituted a suit described in the plea of res judicata and referred to therein only as " an action upon open account, the same being suit No. 71229 according to the numbering of suits in this court," against the present plaintiff, and that the present plaintiff, the defendant in the former suit, had filed a plea therein, in the nature of a set-off, in which she alleged an indebtedness due to her by the then plaintiff by reason of the destruction or removal by the then plaintiff of certain fixtures from certain named premises of the then defendant which it was alleged that the then plaintiff had removed from the premises described

in such plea, the premises being in fact the same for the rent of which the present suit is maintained, but which plea of set-off nowhere alleged that the defendant was seeking to recover for any violation of the rent contract sued upon in the present case. While the pleadings in the former suit, including the petition on open account filed by the plaintiff as well as the set-off filed by the defendant as set out in the plea of res judicata here filed, are broad enough to permit an inquiry into and an adjudication of the rights under the rent contract here sued on, they do not show affirmatively that an adjudication of any rights under this contract was invoked or made, and are therefore insufficient, in the absence of further allegations showing the matters actually litigated in the former suit, to support the plea of res judicata. A bare allegation in the plea of res judicata that in the former suit the relation of landlord and tenant was inquired into, and that the judge charged some phase of the law relative to the duties of landlord and tenant, is not sufficient to show what issues were actually adjudicated, either under the pleadings or the evidence in the former suit, and is certainly not sufficient to show affirmatively that the rights arising under the rent contract were there adjudicated.

3. While a plaintiff can not by bringing a suit force .the defendant to litigate any claim which the defendant may have against the plaintiff by way of set-off and which is not a matter purely defensive to the suit filed by the plaintiff, yet where such defendant seeks by way of set-off to recover against the plaintiff upon an alleged contract, such litigation will adjudicate all the rights of the parties which at the time had accrued under the contract.

4. In the absence of any allegation in the plea of res judicata that the rights of the parties litigated in the former suit, under the plea of set-off or by way of defense there filed, arose under the rent contract sued on in the present case, the judge of the municipal court did not err in striking the plea of res judicata.

5. The plaintiff was a competent witness to testify as to the rental value of the premises, based upon her knowledge of rental values, derived from her experience in handling and renting other property.

6. The suit being for unliquidated damages, and the defendant having filed no defense other than the plea of res judicata, it was error for the trial judge, after striking such plea and allowing the plaintiff to testify as to the rental value of the premises, to refuse to allow the defendant to give testimony in rebuttal. For this reason a new trial should be granted to the defendant.

7. The judgment of the superior court, overruling the certiorari, is therefore reversed. It is directed, however, that the defendant be allowed, upon another trial in the municipal court, to amend his plea of res judicata in according with the rulings herein made.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. September 30, 1921.

*Morris Macks, Myron Herzberg,* for plaintiff in error.

*Hewlett & Dennis,* contra.