23261.  CHAPPELL *v.* F. A. D. ANDREA INCORPORATED.

DECIDED NOVEMBER 6, 1933.

*R. L. Maynard, Hollis Fort,* for plaintiff.

*Jones, Johnston, Russell & Sparks,* for defendant.

SUTTON, J.  1.  All rights of the parties to a litigation which have accrued under a contract must be litigated and adjudicated in one action. *Evans* v. *Collier,* 79 *Ga.* 319 (4 S. E. 266).  All breaches of a contract occurring up to the commencement of an action for its breach must be included therein.  Civil Code (1910), § 4389.  There can not be subsequent actions for prior breaches, though they were not included in the first suit.  *Macon & Augusta R. Co.* v. *Garrard,* 54 *Ga.* 327; *Willingham* v. *Buckeye Cotton Oil Co.,* 13 *Ga. App.* 253 (79 S. E. 496).  This principle is based upon the doctrine of former recovery, in accordance with section 4335 of the Civil Code (1910).  All breaches of the contract up to the commencement of the former action and the amount due the complaining party therefor are conclusively presumed to have been included in the first action.  *Evans* v. *Collier,* supra.  These principles are applicable where the breach is pleaded in a set-off or recoupment against the plaintiff.  *Desverges* v. *Willis,* 58 *Ga.* 388.

2.  "While a plaintiff can not by bringing a suit force the defendant to litigate any claim which the defendant may have against the plaintiff by way of set-off, and which is not a matter purely defensive to the suit filed by the plaintiff, yet where such defendant seeks by way of set-off to recover against the plaintiff upon an alleged contract, such litigation will adjudicate all the rights of the parties which at the time had accrued under the contract." *Jones* v. *Schacter,* 29 *Ga. App.* 132 (3) (114 S. E. 59).

3.  In a former action the defendant in the present action sued the plaintiff herein on account.  The latter filed a plea denying liability, and filed also a cross-action claiming damages for the breach of an alleged contract between the parties.  The defendant

in the present case demurred to the cross-action and to certain parts of the answer. The court sustained the demurrer, struck the cross-action and portions of the answer demurred to, and directed a verdict for the plaintiff in that case. This court affirmed that judgment. *Chappell* v. *F. A. D. Andrea Inc.,* 41 *Ga. App.* 413 (153 S. E. 218). The contract involved in that case, for a breach of which damages were sought, was entered into in September, 1925. The alleged breach occurred in December, 1926. The defendant paid the judgment to a deputy sheriff of the court in which it was rendered, and then sued out an attachment, based on the non-residence of the plaintiff in the former case, and had garnishment based thereon served upon the deputy sheriff. In his declaration he seeks to recover of the defendant in this case certain sums which he claims were due him growing out of the contract between them. The defendant filed an answer and plea of res judicata. This plea was sustained and the case dismissed. Applying the above ruling, the trial court correctly sustained the plea of res judicata and dismissed the case.

4. The fact that the plaintiff in this case alleged that in September, 1926, the contract was renewed by the defendant herein and that it was under this renewal that the defendant became liable to him for the sums sued for in the present action does not take the case out of the above principles. The contract, the basis of the cross-action in the former case, was alleged to have been entered into in September, 1925, and the alleged breach occurred in December, 1926; and these allegations appear in the declaration in the present case. Furthermore, in his demurrer to the plea of res judicata, the plaintiff said, "because the items set forth in plaintiff's petition were not set forth in the answer of the defendant in the former suit referred to; that while the same could have been plead in said cross-bill, as a matter of fact they were not." The judgment in the former case is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired into or not.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*