MISSOURI STATE LIFE INSURANCE CO. *v.* PILCHER.

No. 10059. MAY 18, 1934. ADHERED TO ON REHEARING, AUGUST 10, 1934.

*Arnold & Battle,* for plaintiff in error.

*R. F. Scarborough* and *M. Fellon Hatcher,* contra.

HUTCHESON, J. The Missouri State Life Insurance Company issued to J. E. Pilcher a policy of insurance, and agreed to pay to Pilcher a disability income of twenty dollars per month, and to waive the payment of premiums if he should become totally and permanently disabled. In October, 1931, Pilcher submitted to the company proof of alleged total and permanent disability. In the same month an annual premium of $74 became due on the policy, and was waived pending investigation of the claim; but in December, 1931, the company refused to pay the monthly indemnity or to waive the payment of the premium. In January, 1932, Pilcher executed a loan agreement, with the policy as security, for a sufficient amount to pay the said premium as well as an existing indebtedness. Afterwards Pilcher filed suit against the company in the municipal court of Columbus, based upon alleged breach of the

contract, which suit resulted in verdict and judgment in his favor for one hundred dollars. At the July term, 1933, of the superior court of Bibb County, Pilcher filed an equitable petition against the said company, and prayed that the loan for the premium of $74 be canceled, and that the loan agreement be reformed. To this petition the company filed its general demurrer upon the grounds that no cause of action was set forth, and "because it affirmatively appears therein that the breach of contract complained of consisted of refusal by defendant to waive an annual premium which became due upon said policy on October 27, 1931; and that subsequently to October 27, 1931 (the day when said premium became due), and subsequently to January 11, 1932 (the day upon which the amount of said premium was paid by plaintiff), and subsequently to the occurrence of the alleged breach by defendant of the policy contract with respect to waiver of said premium, plaintiff did file suit in the municipal court of Columbus, Georgia, upon said policy for recovery of monthly payments theretofore accruing under said policy; and that plaintiff did obtain a verdict and judgment against defendant in said suit for the amount of said monthly payments. Any cause or causes of action which plaintiff may have had against defendant because of any breach or breaches by defendant of said policy contract prior to the filing of said suit have been fully adjudicated and determined." The court overruled the demurrer, and the defendant excepted.

■ "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." Code of 1910, § 4389. For the purpose of determining this case it matters not whether the contract was entire or severable. All breaches occurring up to the commencement of the action in the municipal court of Columbus would, of necessity, have to be included (*Macon & Augusta Railroad* v. *Garrard,* 54 *Ga.* 327; *Evans* v. *Collier,* 79 *Ga.* 319, 4 S. E. 266); and rights which had accrued would have to be litigated and adjudicated in one action. A judgment rendered in a litigation arising under a contract is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired

into or not; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as res judicata. *Jones* v. *Schacter,* 29 *Ga. App.* 132 (114 S. E. 59).

■ The insurance policy in the instant case containing a clause by which the insurer agreed to waive the payment of premiums upon certain conditions, and demand having been made upon it by the insured for such waiver, and the insurer having refused to accede to such demand, this action on the part of the insurer, where proof was submitted as to the happening of the conditions above referred to, amounted to a clear breach of contract.

■ The giving of a note by the insured and the acceptance of the same by the insurer as payment of the premium which became due was the equivalent of a cash payment of such premium, and had the same effect as if such payment had been actually made in cash. *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261).

■ In view of the fact that we construe the failure of the insurer to waive the payment of the premium in the instant case as a breach of contract, and the further fact that such action was taken prior to the filing of the suit in the municipal court of Columbus, the case falls clearly within the language of the Code of 1910, § 4389, and should have been litigated and adjudicated in that suit. *Jones* v. *Schacter,* supra; *Chappell* v. *Andrew Inc.,* 47 *Ga. App.* 816 (171 S. E. 582). The general demurrer interposed in Bibb superior court should have been sustained and the case dismissed.

*Judgment reversed. All the Justices concur.*