32383. WALLER *v.* MORRIS.

GARDNER, J. (a) R. T. Morris, defendant in error here and plaintiff in the court below, whom we shall call the plaintiff, sued out in the Civil Court of Fulton County a laborer's lien against the property of Guy Waller, plaintiff in error here, defendant in the court below, whom we shall call the defendant. The laborer's lien specified an indebtedness owing to the plaintiff by defendant in the sum of $1199.54. During the trial of this issue the plaintiff amended his claim for laborer's lien by claiming only $250. When this was done the defendant paid into court $250 in satisfaction of this proceeding. The plaintiff accepted this amount of $250, and the laborer's-lien case was marked settled on the records of the court. The attorney for the plaintiff accepted this $250 in satisfaction of the laborer's-lien claim. Thereafter, the plaintiff sued out an attachment, claiming that the defendant was indebted to him for the difference between $1199.54 and $250, to wit $954.54. The plaintiff duly filed his declaration in attachment and, as an exhibit to his declaration, an itemized statement to the effect that the defendant was indebted to him for parts and labor of his employees to the amount of the sum claimed in the declaration in attachment of $954.54. Thereupon the defendant filed two defensive pleadings. The first one was what he termed a lis pendens, and the second was a plea of estoppel. The Judge of the Civil Court of Fulton County, presiding without the intervention of a jury, after hearing evidence from both sides, rendered a judgment in favor of the plaintiff for the amount claimed in the declaration in attachment. The defendant filed a motion for new trial, which was overruled. To this judgment the defendant assigns error here.

(b) The defendant contends here that the court erred in its decision for the reason that the evidence demanded a judgment for the defendant. It is contended that the amount involved was one open account on contract indivisible; that the plaintiff testified that he treated the transaction as one open account; and that, therefore, the plaintiff could not divide this open account in two parts and obtain a judgment for a portion thereof and thereafter maintain an action for the balance. In support of this contention, the defendant cites for our consideration *Jones* v. *Schacter,* 29 *Ga. App.* 132 (114 S. E. 59); *Evans* v. *Collier,* 79 *Ga.* 319 (4 S. E. 266); *Chappell* v. *F. A. D. Andrea Inc.,* 47 *Ga. App.* 816 (171 S. E. 582). These decisions are to the effect that "all the rights of the parties to a litigation which have accrued *under a contract* must be litigated and adjudicated in one action." (Italics ours.) And, to the same effect counsel for the defendant called our attention to *Atlanta Elevator Co.* v. *Fulton Bag & Cotton Mills,* 106 *Ga.* 427 (32 S. E. 541); and also to *Parks* v. *Oskamp,* 97 *Ga.* 802 (25 S. E. 369), as well as *Thompson* v. *McDonald,* 84 *Ga.* 5 (10 S. E. 448); and *Rivers* v. *A. C. Wright & Co.,* 117 *Ga.* 81 (43 S. E. 499). Our attention has also been called by able counsel for the defendant to the case of *Central Bank & Trust Co.* v. *State,* 139 *Ga.* 54 (76 S. E. 587). In this connection we are cited to Code § 20-1401, which says: "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by instalments), an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein." Our attention is again called by the attorney for the defendant to the cases of *Broxton* v. *Nelson,* 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97) and *Georgia Ry. & Power Co.* v. *Endsley,* 167 *Ga.* 439 (145 S. E. 851, 62 A. L. R. 256). It will be observed, from the authorities above cited and the Code section, that they deal with contract and not with a situation presented by the records in the instant case. We might here state that the plea designated as lis pendens and a plea of estoppel might not be technically correct so far as the name is concerned. It matters not by what name any pleading is called, the court will look to the substance rather than to the name. It is elementary that a misnomer of proceedings does not prevail over the substance. Both pleas of the defendant are to the effect that the contract here was entire and upon an open account and could not be split up. This is in substance the contention of the defendant. To this contention under the record of this case we can not agree.

(c) Our Code § 81-1203 provides for the amendment of a laborer's lien. In the instant case the plaintiff amended his laborer's lien by reducing the amount to $250, rather than the amount originally set out. Our Supreme Court held in *Williams* v. *Brewton,* 170 *Ga.* 164 (1) (152 S. E. 441), that a laborer's lien does not rest upon contract. This court held in *Gwinn* v. *Gamadanis,* 17 *Ga. App.* 526 (2) (87 S. E. 812), that a judgment in a laborer's-lien foreclosure is res judicata only as to the particular debt involved, and does not prevent the plaintiff from thereafter suing the defendant for items of debt of a different nature, though testimony as to these debts was given in the trial of the laborer's-lien

case. Therefore it follows that, since a laborer's lien does not rest upon a contract, the court did not err in its ruling that the plaintiff could amend his proceedings by reducing the amount to $250, and thereafter by attachment proceedings recover for labor other than his own for which he had paid, and for parts which he had furnished the defendant to go into various cars.

From what we have said it follows that the court did not err in its judgment.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided March 18, 1949.

*Wesley R. Asinof,* for plaintiff in error.

*L. D. Burns Jr.,* contra.