33837. REEVES *et al. v.* PROGRESSIVE LIFE INSURANCE COMPANY.

DECIDED MARCH 10, 1952.

*O. W. Roberts Jr., Robert D. Tisinger,* for plaintiffs.
*Boykin & Boykin, Wright Gellerstedt,* for defendant.

GARDNER, P. J. (After stating the foregoing facts.) ■ The plaintiffs by amendment attached as Exhibit C the note by which it is alleged the insurance premiums were paid. It is the blank form of a promissory note signed by the insured. The date, the amount, the date due, the payee and the interest rate are left blank.

Code § 14-214 provides in part as follows: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount." In *Ryle* v. *Farmers & Merchants Bank of Gordon,* 33 *Ga. App.* 459 (127 S. E. 233), it is held as follows: "The delivery of an inchoate or incomplete bill or note— as where the instrument is delivered with blanks left for the insertion of the amount or terms of payment, or where a signature on a blank paper is delivered with the intention of having a complete instrument written over it— confers on the person to whom it is delivered presumptive authority to complete the instrument in the manner contemplated by the signer, by filling the blanks, or by writing the instrument as the case may be."

Accordingly, it being alleged that the note was delivered and accepted by the company agent, who agreed to fill in the blanks for the next year's premium and otherwise complete the instrument, the note must be treated as though it were so completed, any delay in completing the same being chargeable solely to the company agent and not to the insured.

■ This is not a case where it is necessary to consider whether the company, by its course of conduct in accepting notes in the past, had waived any conditions of the contract, since there was no such condition to waive. This insurance policy nowhere stipulates that payments are to be made in cash. On the contrary, it stipulates that *"If any note or obligation given for a premium,* or any part thereof, or in extension thereof, shall not be paid when due, the policy shall become null and void, except as herein provided." (Emphasis added). The policy itself thus contemplated the payment of premiums by note, subject only to

the provision that if the note was not paid *at maturity* the policy would lapse. The giving of the note in this instance was strictly in accordance with the terms of the policy, and the conduct of the company in accepting a previous note as payment for three quarterly instalments, while not essential to the plaintiff's case, is additional affirmative evidence (when proved) that the company so construed the terms of the policy.

It is not alleged that when the insured gave the agent a note to cover the next year's premium he received a receipt. This is immaterial, for the receipt is for the benefit of the insured and may be waived by him. The policy does not call for any forfeiture for failure to accept or receive a receipt, but only for failure to pay the premium. At most, failure to give a receipt would be a fact for the consideration of the jury in ascertaining the intention of the company agent in accepting the note, but, on demurrer, the allegation that he accepted the note as payment must be taken as true. Where it is the duty of the agent to collect the premiums, the acceptance of a note in payment thereof is in the scope of his authority, and the company is bound thereby, and any notice that the agent had within the scope of his authority is notice to the company.

In *Aetna Insurance Co.* v. *Spillers*, 35 *Ga. App.* 766 (134 S. E. 791), a note was given in payment of an insurance premium. At the maturity thereof the insurance company sued on the note, it being unpaid. The insured defended by a plea of failure of consideration, setting out that the policy contained a stipulation as follows: "Valid only when signed by agent at Butler, State of Georgia. Note—Agent must sign also the policy and any attached indorsement"; that the agent had never signed the policy and that it was consequently invalid, and that, as a result, there was no consideration for the note. This court held that *by accepting the note* the company waived the provision of the policy that it should be valid only when signed by the local agent, for which reason the policy was valid and the plea of failure of consideration invalid. It thus appears that, if the shoe were on the other foot here and the note had not been paid at maturity, the insurance company could have sued and recovered thereon, notwithstanding the fact that the agent failed to give a receipt or sign the same or perform some other act

which, on demand by the insured, it would have been his duty to do.

Examination of the record in *Arnold* v. *Empire Mutual Annuity &c. Co.*, 3 *Ga. App.* 685 (60 S. E. 470), reveals that the terms of the insurance policy there were "Premiums payable as follows: $187.50 cash, payable ¼ on the 29th day of Jan., Apl., Jul. and Oct. each year." Notwithstanding that the policy called for payment by cash, payment was made by note and the note itself, when it reached maturity, was unpaid. Nevertheless, this court held that the policy was not voided because, as set forth in headnote 2 (c): "Where an insurance company accepts a note for the premium, the policy will be continued of force for the same length of time as if the amount represented by the note had been paid in cash, unless the contract of insurance contains an express stipulation to the contrary, or unless in the event of nonpayment of the note at maturity the insurer asks a surrender of the policy and offers to surrender the note." See also *Massachusetts Benefit Life Assn.* v. *Robinson*, 104 *Ga.* 256 (4) (30 S. E. 918); *Missouri State Life Ins. Co.* v. *Pilcher*, 179 *Ga.* 231 (3) (175 S. E. 586). The agent having authority to accept notes in payment of insurance premiums under the terms of the policy, and a note so accepted constituting payment of the premium as a matter of law, the trial court erred in dismissing this petition on demurrer.

The cases cited in the majority opinion and in the brief of counsel for the defendant in error are too numerous to distinguish separately. Generally, however, they apply where there is no allegation that the policy of insurance was in force, or where reinstatement of a lapsed policy is in issue, or where there has been some effort on the part of the agent to alter the terms of the policy, or where there has been failure to pay the premium, and like situations. These cases enunciate sound and well-settled principles of law but are not applicable to this case. The most applicable statement of the law controlling this case may be found in 29 Am. Jur. 348, § 412, as follows: "An insurer will be deemed to have waived actual payment in cash by accepting a premium note through an agent who is authorized to receive such a note, and an insurer accepting and holding until maturity a note given for the first premium on a life policy thereby re-

cognizes the authority of its agent who took it to do so." This principle is in harmony with the authorities hereinbefore quoted and cited. No decision in this State is in conflict with it.

This policy does not specifically provide that the payment shall be in cash. On the contrary, as hereinbefore pointed out, it contemplates that it may be paid by note. It provides that the premiums are to be paid at the home office of the company or to an authorized agent thereof. The agent to whom this blank note was given and who it is alleged in the petition accepted it as payment of the premiums is alleged to have been so authorized. It further appears from the petition that he accepted the first note for three quarterly premiums and the cash payment for one quarterly premium immediately before his acceptance of the note in question. The petition therefore sufficiently alleges facts to show that in accepting this note the agent was acting in the scope of his authority. Since the petition shows that the policy had not lapsed at the time of the death of the insured, the trial court erred in sustaining the general demurrer.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*