41410.   WORLD MUTUAL HEALTH & ACCIDENT
INSURANCE COMPANY OF PENNSYLVANIA
v. THURMOND, Executor.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 29, 1965.

*Rupert A. Brown,* for plaintiff in error.

*Denny C. Galis,* contra.

JORDAN, Judge. ■ ·It is contended by the defendant insurance company that the present suit was barred as a matter of law under the provisions of *Code* § 20-1401 because the plaintiff insured had previously instituted another suit against the defendant company on the same policy of insurance in which she could and should have asserted the subject claims.

*Code* § 20-1401 provides that all breaches of contract occurring up to the commencement of an action on such contract must be included therein; and it has been held that it is a legal presumption that such has been done (*Evans v. Collier,* 79 Ga. 319 (2a) (4 SE 266); *Macon & Augusta R. v. Garrard,* 54 Ga. 327), and that: "A judgment rendered in a litigation arising under a contract is conclusive of all the accrued rights of the parties arising under the contract, whether they were actually inquired into or not; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as res judicata." *Missouri State Life Ins. Co. v. Pilcher,* 179 Ga. 231, 232 (175 SE 586).

This is well settled law and would be controlling in this case were we here concerned with a plea of res judicata based on a final judgment in a prior suit rather than with a plea of settle-

ment. The first suit instituted by the plaintiff insured did not proceed to judgment but was voluntarily dismissed by the plaintiff after a settlement with the defendant insurance company had been reached; and under the uncontradicted evidence in this case a finding was demanded that the parties had expressly agreed in making such settlement that it applied only to the first claim against the company and did not cover any other claims arising out of the policy of insurance.

The plaintiff was not therefore concluded by this settlement as to the claims upon which this action is predicated and, since the first action did not proceed to judgment but was voluntarily dismissed by the plaintiff in reliance on such settlement, she was not estopped from bringing this action to enforce these claims. The result would have been otherwise of course if the suit had been settled and dismissed without these terms and conditions in which event the presumption that the first action had been brought to satisfy all accrued rights would control, and settlement and dismissal thereof would be tantamount to judgment and the plaintiff would be barred. *Atlanta Elevator Co. v. Fulton Bag &c. Mills,* 106 Ga. 427 (32 SE 541).

■ The defendant insurance company having denied a previous claim filed by the plaintiff insured under this policy on the ground that such policy was null and void and of no effect from its inception, it was not necessary that the plaintiff comply with the terms of the policy as to the giving of notice and the filing of proof of loss before instituting the present action under the same policy. The company by its specific renunciation of the policy and denial of any and all liability thereunder which had not been expressly withdrawn waived the necessity for the insured to comply with these preliminaries under the policy before bringing suit. *Commercial Cas. Ins. Co. v. Mathews,* 61 Ga. App. 358, 362 (6 SE2d 172).

■ The evidence authorized the finding that the plaintiff was entitled to recover the sum sued for under the policy in dispute, and since a finding was not demanded for the defendant on its plea of settlement or contention that the action had been prematurely brought, the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial.

■ The defendant in the first ground of the amended motion for new trial assigned error on the following excerpt from the charge: "I charge you, gentlemen, that if you should determine from the evidence submitted to you that in that prior case the plaintiff accomplished all that she sought to do in that action, and that the defendant paid to the plaintiff the full amount the plaintiff sued for, and that pursuant thereto the prior suit was dismissed, then in that event, gentlemen, I charge you that the settlement of that prior suit bars the prosecution of this case, and in that event you would be under a duty to render a verdict in favor of the defendant in this case.

"On the other hand, gentlemen, if you should determine from the evidence submitted to you that in that prior suit the plaintiff did not accomplish all that she sought to do in that action and that the defendant did not pay to her all that she sought to recover in that action, and that the plaintiff dismissed that prior suit without it proceeding to final judgment, then in that event, gentlemen, I charge you that that prior suit would not be a bar to the plaintiff's recovery in this case."

This charge was incorrect as an abstract principle of law as it is the express agreement between the parties that the settlement covers only a particular claim and not others which is determinative of the plaintiff's right to bring another action and not the fact that the plaintiff has settled for a less amount than that sued for in the original action.

However, since the uncontradicted evidence in this case showed that the settlement under review here was made on the condition that it covered the one claim arising out of the confinement at Athens General Hospital in November 1961, and no other claims under the policy of insurance sued upon, this charge could not have been harmful to the defendant insurance company and does not require the grant of a new trial. W. C. Thurmond, the husband of the insured was the sole witness in this case. He testified with respect to the settlement substantially as follows: that the defendant company first offered a sum of money in full settlement of any and all claims under the policy of insurance; that this proposal was refused and a counter proposal made that the sum of $700 would be accepted

for the one claim arising out of the November 1961 confinement, but that no other claims would be affected thereby; and that checks were tendered by the company and accepted on this condition as evidenced by the conditional endorsement of the checks which were ultimately honored by the defendant insurance company.

■ The remaining special ground is without merit.

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*