### 47802. BAUDER FINISHING & CAREER COLLEGE, INC. v. KETTLE.

STOLZ, Judge. Mrs. Kettle brought an action in the Civil Court of Fulton County against the defendant corporation to recover the balance allegedly due for rent plus sums which she had had to expend for second mortgage payments, insurance premiums, water, and taxes, as a result of the defendant lessee's arrearage in monthly rental payments up to its June 7, 1971 vacation of the premises of the apartment house which it had leased from the plaintiff lessor on January 25, 1971. The defendant's answer denied any

indebtedness, attaching as an exhibit a settlement and general release between the parties executed on January 25, 1971; denied its agreement to pay to the plaintiff the "additional rental" items alleged in the complaint; and contained a plea of res judicata. The trial judge entered a judgment for the plaintiff in the amount of $34,140.98 principal, plus $3,414 attorney fees, plus costs, from which judgment the defendant appeals. *Held:*

1. The present action was not barred by the consent judgment entered on May 26, 1971 in the plaintiff's dispossessory proceeding against the defendant in the Civil Court of Fulton County, in which judgment the defendant was ordered to pay to the plaintiff $2,000 to be "applied toward the accrued rental on the premises," which it subsequently paid. It is true that "All the rights of the parties to a litigation which have accrued under a contract must be litigated and adjudicated in one action," and that "[a] judgment rendered in a litigation arising under a contract is conclusive of all of the accrued rights of the parties arising under the contract, whether they were actually inquired into or not; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as res judicata." *Jones v. Schacter,* 29 Ga. App. 132 (1) (114 SE 59) and cit.; Code § 110-501. In the present case, however, the record shows that the parties were, at the time of the previous litigation, operating under a "Chapter XI arrangement" by order of a United States Referee in Bankruptcy. The resulting uncertain ability of the defendant to meet all of its financial obligations probably accounts for the willingness of both counsel to consent to an order providing for payment of less than the amount of accrued rental at that time. The intention of the parties to determine the defendant's ultimate liability for all rental payments, including

those which had not then accrued, subsequent to the defendant's vacation of the premises on June 7, 1971 (which was provided in the said order), is evidenced by the provision in the consent order, "All other issues involved in the above styled matter are not considered or passed upon at this time by the Court and the matter with regard to all other issues are [sic] hereby dismissed by the Plaintiff and Defendant jointly without prejudice as to the rights of either party." The defendant will not be heard to complain of the judgment of the court which he assisted in procuring in the absence of a plain showing that his consent was obtained by fraud or mistake. *Don v. Don,* 162 Ga. 240 (1) (133 SE 242); *Rush v. Southern Property Management, Inc.,* 121 Ga. App. 360 (2a) (173 SE2d 744) and cit. The trial judge did not err in failing to sustain the defendant's plea of res judicata as to the previous judgment.

2. The trial judge also did not err in failing to sustain the plea of res judicata as to any event prior to the United States Bankruptcy Court's March 2, 1971 consent order, which, the record shows, was entered into contemporaneously with and as an integral part of the granting of the lease and the giving of a release. Both the lease and the release are cross-referenced in the order, and special stipulation 5 of the lease makes specific reference to the order. The order will not be construed to release the very obligations which it created. The provision in the order, that "by their consent hereto, the parties each have and do voluntarily submit themselves to the summary jurisdiction of this Court for the purposes of enforcing and carrying out the terms and provisions of the compromise settlement and agreement as set forth herein," either merely reserved to the bankruptcy court the jurisdiction to pass the order itself, or, if it did more, it did not indicate an exclusive reservation of jurisdiction.

3. The trial judge properly awarded the plaintiff damages for the proportionate part of the ad valorem taxes for the defendant's period of occupancy from January 25 through June 7, 1971. Under the terms of the lease the taxes were payable by the defendant, and it was not relieved of its liability for its proportionate share of them by the fact that neither of the parties may have held title to the property at the time the taxes were due and payable, since the taxes constituted an inchoate lien on the property as of January 1, 1971. This item was not includable in the previous lawsuit because the defendent's period of occupancy had not then terminated and because it was, by express consent of the parties, left open for future adjudication.

4. The award of damages for payments made to second mortgage holders was also proper. This obligation was specifically created by special stipulation 5 of the lease, the execution of which was authorized by a resolution (plaintiff's exhibit 6) adopted by the defendant's board of directors. The lease itself was executed by the defendant's president, Harold L. Fisher, who was one of the "appropriate corporate officers to execute and deliver and carry out the terms of" the compromise and settlement according to the order of the bankruptcy court. Futhermore, the defendant's obligation in this regard was reaffirmed by the defendant's attorney on April 5, 1971, after the execution of the lease and the entering of the bankruptcy order. This obligation was not necessarily included in the judgment in the previous action, for substantially the same reasons given in Division 1 hereinabove.

5. Since the appellee has conceded that, due to her miscalculation, the judgment includes excessive amounts for rental payments and attorney's fees in the amounts of $4,007 and $400.70 respectively, the judgment is affirmed with direction that it be reduced

by these amounts upon the return of the remittitur to the trial court.

*Judgment affirmed with direction. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973 — REHEARING DENIED MARCH 7, 1973 —

*Lynwood A. Maddox,* for appellant.
*Clein, Babush & Karp, Harvey A. Clein,* for appellee.