Kenneth R. FREEMAN,
Plaintiff-Appellant,

v.

CRITERION INSURANCE COMPANY,
Defendant-Appellee.

No. 82–8333
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 10, 1982.

Charles E. Moore, Atlanta, Ga., for plaintiff-appellant.

Newberry & Ray, Hugh F. Newberry, Atlanta, Ga., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiff appeals the district court's grant of summary judgment to defendant on the ground that the present suit is barred by the doctrine of *res judicata*. We affirm.

Criterion Insurance Company (Criterion) insured plaintiff Kenneth R. Freeman under an automobile policy that contained personal injury protection provisions within

limits of $5,000 for each accident. Injured in an automobile collision while unloading a truck owned by his employer, Freeman sued Criterion in the State Court of Fulton County, Georgia, for no fault benefits to cover medical expenses and lost wages. That suit was settled, and plaintiff voluntarily dismissed the action with prejudice on December 9, 1980.

It thereafter came to plaintiff's attention that he could have made additional claims under his policy. About two months before the dismissal of the State Court suit, the Georgia Court of Appeals in *Jones v. State Farm Automobile Insurance Co.,* 156 Ga. App. 230, 274 S.E.2d 623 (1980), held when an insured has not been informed of optional coverages required to be offered him under Georgia law, Ga. Code Ann. §§ 56–3404(a)–(b), he is deemed to have been given a "continuing" offer of such coverage which he might later accept. 156 Ga.App. at 234, 274 S.E.2d at 627. Plaintiff thereupon informed Criterion on November 4, 1981, he was electing to accept the maximum personal injury protection, an optional coverage of which he should have been informed, tendered the additional premiums, and claimed additional damages for the 1980 accident.

After Criterion refused to accept the additional premiums, plaintiff filed the instant diversity action seeking some $45,000 additional damages.

It is obvious that had the optional provision been in the policy at the time of the prior suit, any claim for additional damages under that provision would be barred by the earlier suit. To circumvent this, Freeman argues the following theory: by virtue of the *Jones* decision, Criterion is deemed to have extended him a "continuing offer" for the maximum personal injury protection benefits. Only after he accepted that offer on November 4, 1981, was there a binding contract, "a contract which could not have been breached prior to its existence." Therefore the breach for which he now sues occurred after the December 1980 dismissal of his prior suit, and therefore could not be barred by *res judicata.*

If plaintiff's case involved a breach for failing to provide coverage on a claim arising after November 4, he might have an arguable point. But plaintiff does not explain how the optional provisions which became binding on November 4 could cover an accident occurring a year prior thereto, unless the optional provisions are construed to have been in the insurance contract from its inception. It is quite apparent that plaintiff is suing for retroactive coverage, and this claim was available to him at the time of the prior suit. The claim is nothing more than an attempt to obtain additional damages under the policy.

Plaintiff's voluntary dismissal with prejudice operated as a judgment on the merits. "[A]ny dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." *Ga. Code Ann.* § 81A–141(b).

A judgment on the merits forecloses future litigation of any matter that was or could have been put in issue in the case. Under Georgia law

> judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, *or which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.

*Ga. Code Ann.* § 110–501 (emphasis added).

The district judge correctly ascertained that

> [t]he short answer to plaintiff's contention is that it is simply not a breach of an insurance contract to refuse to pay a claim which is already barred by *res judicata.* The key to this conclusion lies in the fact that the *Jones* case—whatever it means—was decided some 2 months prior to plaintiff's voluntary dismissal of its Fulton County lawsuit. Thus, the Fulton County suit upon the January 7, 1980, injury was a suit in which a *Jones* claim for additional damages "might have been

put in issue in the cause" within the meaning of Ga. Code Ann. § 110–501. "A judgment rendered in a litigation arising under a contract is conclusive of all the accrued rights of the parties arising under the contract, whether they were actually inquired into or not; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as *res judicata*." *Missouri State Life Ins. Co. v. Pilcher,* 179 Ga. 231, 232–33, 175 S.E. 586 (1934).

Plaintiff contends the circumstances of the instant case are identical with those in *Jones,* where a payment under the policy had been made. To the contrary, however, the plaintiff in *Jones* accepted a draft in partial payment only of his no-fault claims and had not filed a suit on the policy. 274 S.E.2d at 625.

Because plaintiff's present claim could have been put in issue in the Fulton County litigation, the present suit is barred by the doctrine of *res judicata,* and defendant's motion for summary judgment was properly granted.

AFFIRMED.