**Donnie Lee WILSON,**
**Plaintiff-Appellant,**

v.

**AUTO-OWNERS INSURANCE CO.,**
**Defendant-Appellee.**

No. 85–8885
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 17, 1986.

As Amended July 9, 1986.

Rehearing and Rehearing En Banc
Denied July 29, 1986.

Berrien L. Sutton, Homerville, Ga., for plaintiff-appellant.

F. Thomas Young, Valdosta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

Corrected Opinion

PER CURIAM:

Appellant Donnie Lee Wilson appeals the district court's grant of summary judgment to appellee Auto-Owners Insurance Company [hereinafter "Auto-Owners"] on the ground that the present suit is barred by the doctrine of *res judicata*. The following facts are material to the decision in this case and have been stipulated by both parties. Appellant's husband, Robert Lee Wilson, was killed in a one-vehicle automobile

accident while operating a motor vehicle owned by another individual. At the time of Wilson's death, appellant had in effect a policy of automobile liability insurance with Auto-Owners which carried a no-fault endorsement. In addition, the vehicle operated by Wilson was insured by a policy of automobile liability insurance issued by Georgia Farm Bureau Mutual Insurance Company [hereinafter "Farm Bureau"]. This policy also provided no-fault coverage.

Appellant initially made a claim against Farm Bureau for no-fault benefits. The parties subsequently settled that claim. Appellant then filed a claim against Auto-Owners in an attempt to recover the basic no-fault coverage of $5,000 under the policy issued by Auto-Owners. The case, tried before the Superior Court of Clinch County, Georgia, resulted in a judgment in favor of Auto-Owners, the court holding that the recovery of no-fault benefits of $5,000 under the Farm Bureau policy prevented appellant from recovering basic no-fault benefits under her policy with Auto-Owners. The decision was affirmed on appeal. *Wilson v. Auto-Owners Ins. Co.*, 159 Ga.App. 315, 283 S.E.2d 308 (1981).

After the decision in *Jones v. State Farm Mutual Automobile Ins. Co.*, 156 Ga.App. 230, 274 S.E.2d 623 (1980), which held that when an insured has not been informed of optional coverages required to be offered under Georgia law the insured is deemed to have been given a continuing offer of such coverage which he might later accept, appellant once again filed suit against Auto-Owners in the Superior Court of Clinch County, this time seeking the optional no-fault benefits. The case was removed to federal district court. Auto-Owners moved for and was granted summary judgment on the basis that this action was barred by *res judicata*. This appeal resulted.

Appellant contends that the doctrine of *res judicata* does not act to bar the present action as the *Jones* decision created a new cause of action which did not exist prior to that decision. Thus, the *Jones* cause of action could not have been litigat-

ed in the original suit against Auto-Owners. We find appellant's argument unpersuasive. In the absence of a valid rejection of optional no-fault benefits, the insurer is considered to have provided a continuing offer of additional optional no-fault benefits coverage from the inception of the policy. Thus, this claim was available at the time of the original suit. *Flewellen v. Atlanta Casualty Co.*, 250 Ga. 709, 300 S.E.2d 673 (1982). This claim is nothing more than an attempt to obtain additional damages under the same contract, and is barred by the doctrine of *res judicata. Freeman v. Criterion Ins. Co.*, 693 F.2d 1021 (11th Cir.1982).

It is irrelevant that in the first suit the case had been argued and submitted to the court before the *Jones* decision. Appellant could have discovered the claim for themselves prior to the decision in *Jones. See Georgia Farm Bureau Mutual Ins. Co. v. Musgrove*, 254 Ga. 333, 328 S.E.2d 365 (1985). Nor is our decision in this case affected by the fact that the issue involved in the initial suit against Auto-Owners was whether basic no-fault insurance coverage could be stacked under separate policies, while the action here concerned the recovery of additional no-fault benefits. The Georgia law of *res judicata* bars a second suit between the same parties involving not only those issues that were actually litigated, but in addition all issues which could have been litigated in the first suit between the parties. Ga.Code Ann. § 110–501; *Missouri State Life Ins. Co. v. Pilcher*, 179 Ga. 231, 232–33, 175 S.E. 586 (1934).

Having found appellant's allegation of error without merit, the decision of the district court is

AFFIRMED.